**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANCES SANTIAGO,**

    **Plaintiff,**

**v.**                               **CASE NO.:**

**WAL-MART STORES EAST, LP,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FRANCES SANTIAGO, by and through undersigned counsel, brings this action against Defendant, WAL-MART STORES EAST, LP, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4.     Plaintiff is a resident of Orange County, Florida.

5.     Defendant operates a Wal-Mart store in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff is a member of a protected class of persons under Section 1981, Title VII, and the FRCA.

7.     Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

8.     Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

9.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FCRA and Title VII.

10.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA and Title VII.

2

11.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

12.    Plaintiff has satisfied all conditions precedent, or they have been waived.

13.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

14.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

### *Plaintiff is in a Protected Class Due to Her Race and National Origin*

15.    Plaintiff is a Hispanic woman of Puerto Rican and Dominican descent.

### *Plaintiff was Qualified for Her Employment Position*

16.    Plaintiff began working for Defendant as a store lead on or around July 23, 2007, and she worked in this capacity until on or around July 18, 2022.

17.    Plaintiff performed the duties of her position with Defendant in a satisfactory manner.

18.    In fact, during Plaintiff's employment tenure with Defendant, she never received a "write-up" or negative review.

3

### *Plaintiff Suffered Adverse Employment Action*

19. In or around January, 2022, Defendant required Plaintiff to take a survey, which asked various questions, including about others with whom she worked.

20. In or around July, 2022, given Plaintiff's exemplary employment record with Defendant, she chose to apply and interview for a promotion.

21. Although Plaintiff was qualified for the position, Defendant denied Plaintiff this position.

22. Although Plaintiff had worked for Defendant for nearly fifteen (15) years, Defendant denied Plaintiff this position.

23. Defendant denied Plaintiff the position based on race and national origin discrimination.

24. Plaintiff objected to Defendant denying her the position based on race and national origin discrimination.

25. On or around July 18, 2022, two days after Plaintiff was denied the position, Defendant terminated Plaintiff's employment based on race and national origin discrimination, and in retaliation for Plaintiff engaging in protected activity.

26.    Defendant asserted merely pretextual reasons for the termination, relating back to the survey that Plaintiff had taken roughly seven (7) months prior.

27.    In addition to Plaintiff, Defendant also terminated several other members of management—all minorities—at Plaintiff's store.

28.    The pretextual reasons asserted by Defendant could have applied to all members of management, however, Defendant chose to only target those who were Hispanic or were members of another minority group.

29.    Out of this group of managerial employees that Defendant terminated in or around July, 2022, Defendant did *not* terminate employees who were not, either, Hispanic or members of another minority group.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

30.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 8 and 11 through 29 of this Complaint, as though fully set forth herein.

31.    Plaintiff is a member of a protected class of persons under Section 1981.

32.    Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

33.    The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

34.    Defendant's actions were willful and done with malice.

35.    As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

36.    Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a)    A jury trial on all issues so triable;

    (b)    That process issue and that this Court take jurisdiction over the case;

    (c)    Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)    Compensatory damages, including emotional distress, allowable at law;

(e)    Punitive damages;

(f)    Reinstatement of Plaintiff to a position comparable to she prior position, or in the alternative, front pay;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

### COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

37.    Plaintiff realleges and readopts the allegations of Paragraphs 1 through 8 and 11 through 29 of this Complaint, as though fully set forth herein.

38.    Plaintiff is a member of a protected class of persons under Section 1981.

39.    By, Plaintiff engaged in protected activity under Section 1981.

40.    Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

41.     Defendant's actions were willful and done with malice.

42.     Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

43.     As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

44.     Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)     Compensatory damages, including emotional distress, allowable at law;

8

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to she prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6, 9 through 10, and 12 through 29 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under Title VII.

47. Plaintiff was subjected to disparate treatment on the basis of her race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by terminating her after she engaged in protected activity.

48. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i)   All costs and attorney's fees incurred in prosecuting these claims; and

j)   For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII VIOLATION
## (NATIONAL ORIGIN DISCRIMINATION)

51.   Plaintiff realleges and readopts the allegations Paragraphs 1 through 6, 9 through 10, and 12 through 29 of this Complaint, as though fully set forth herein.

52.   Plaintiff is a member of a protected class under Title VII.

53.   Plaintiff was subjected to disparate treatment on the basis of her national origin, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by terminating her after she engaged in protected activity.

54.   Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

55.   Defendant's actions were willful and done with malice.

56.   Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   An injunction restraining continued violation of Title VII by Defendant;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)   Any other compensatory damages, including emotional distress, allowable at law;

g)   Punitive damages;

h)   Prejudgment interest on all monetary recovery obtained.

i)   All costs and attorney's fees incurred in prosecuting these claims; and

j)   For such further relief as this Court deems just and equitable.

12

## COUNT V – TITLE VII RETALIATION

57.   Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6, 9 through 10, and 12 through 29 of this Complaint, as though fully set forth herein.

58.   Plaintiff is a member of a protected class under Title VII.

59.   Plaintiff exercised or attempted to exercise he rights under Title VII, thereby engaging in protected activity under Title VII.

60.   Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

61.   Defendant's actions were willful and done with malice.

62.   In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

63.   Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

13

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
### (RACE DISCRIMINATION)

64.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6, 9 through 10, and 12 through 29 of this Complaint, as though fully set forth herein.

65.     Plaintiff is a member of a protected class under the FCRA.

66.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

67.     Defendant's actions were willful and done with malice.

68.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Compensation for lost wages, benefits, and other remuneration;

d)     Front pay;

15

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA VIOLATION
## (NATIONAL ORIGIN DISCRIMINATION)

69.   Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6, 9 through 10, and 12 through 29 of this Complaint, as though fully set forth herein.

70.   Plaintiff is a member of a protected class under the FCRA.

71.   Plaintiff was subjected to disparate treatment by Defendant on the basis of her national origin, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against her by terminating her after she engaged in protected activity.

72.   Defendant's actions were willful and done with malice.

16

73. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA RETALIATION

74.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 6, 9 through 10, and 12 through 29 of this Complaint, as though fully set forth herein.

75.     Plaintiff is a member of a protected class under the FCRA.

76.     Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

77.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

78.     Defendant's actions were willful and done with malice.

79.     By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

80.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)    Compensation for lost wages, benefits, and other remuneration;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)    Front pay;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)    All costs and attorney's fees incurred in prosecuting these claims; and

k)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 29th day of August, 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**